(Pleito No. 207.—Fallado el 25 de Junio de 1902.)

## MIRANDA contra FRANCO.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

VALIDEZ DE UN PAGARÉ.    Aunque la verdadera causa de deber no haya sido expresada en un pagaré, si se ha probado la deuda y consta que es verdadera y legal, el contrato basado en la misma es válido y obligatorio.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, el día veinte y cinco de Junio de mil novecientos dos, en el pleito que ante Nos pende en virtud de recurso de casación por infracción de ley, interpuesto por la representación de Don José Miranda Pérez, en su carácter de representante legal de sus menores hijos, habidos en su matrimonio con Doña Dionisia Freytes, contra la sentencia dictada por el Tribunal de Distrito de Arecibo, en veinte y tres de Octubre de mil novecientos uno, en el juicio seguido por Don Ignacio Franco Alonso contra dicho Miranda y su esposa Doña Dionisia Freytes, en cobro de pesos, siendo representado el recurrente por el Letrado Don Elpidio de los Santos Laguardia, y el recurrido por el Licenciado Don Antonio Alvarez Nava; no asistiendo personalmente al acto de la vista el Letrado representante del recurrente y sí el Abogado defensor del recurrido, quien expuso el caso en argumento oral.— Primero. Resultando: Que el Tribunal sentenciador consignó en la sentencia los hechos siguientes:—"1º Que en veinte y siete de Junio último el Abogado Don Luis de

Ealo, á nombre de Don Ignacio Franco, entabló demanda ante el Tribunal de Distrito de Arecibo, contra los esposos Don José Miranda y Doña Dionisia Freytes, exponiendo que el día once de Febrero de mil ochocientos noventa y ocho, Don José Miranda y Doña Dionisia Freytes recibieron de Don Ignacio Franco, á calidad de préstamo, la suma de ochocientos pesos moneda provincial, que se obligaron á pagar el treinta y uno de Enero de mil ochocientos noventa y nueve, con los intereses convenidos al dos por ciento mensual, otorgando un pagaré; que los otorgantes de ese documento se obligaron mancomunada y solidariamente á pagar la expresada suma; que el crédito líquido que se reclama, no ha sido satisfecho, ni los intereses estipulados, y que se ha celebrado sin avenencia el acto conciliatorio; y pidiendo en definitiva se condene á Don José Miranda y Doña Dionisia Freytes, á que dentro de tercero día le paguen de *mancomun et insolidum* la cantidad de ochocientos pesos provinciales ó su equivalencia en oro, los intereses vencidos y que se venzan, hasta que se haga efectivo el pago al respecto del dos por ciento mensual, desde el once de Febrero de mil ochocientos noventa y ocho, los intereses legales sobre dichos intereses, desde la interposición de la demanda y todas las costas.—" 2? Que con la demanda acompañó el demandante el pagaré á que la misma se refería y certificación del acto conciliatorio, confiriéndose traslado á los esposos Miranda, traslado que evacuó Doña Dionisia Freytes, exponiendo que tenía por costumbre autorizar para que por ella firmaran, garantizando documentos privados que contenían obligaciones pecuniarias contraídas por su legítimo consorte; que siguiendo esas prácticas autorizó á su hermano Don José Arturo Freytes, para que suscribiera por ella el pagaré, origen de esta demanda; que el referido pagaré no es á consecuencia de haber recibido, á calidad de préstamo, la suma que indica, sino se extendió como consecuencia de una negociación pendiente de pago con la mercantil de N. Villamil, de Manatí, á virtud de cuya

negociación se extendieron dos pagarés: el de autos, que representa el que Miranda Pérez por sí sólo había otorgado á Don Juan Ramón Agosto Román, el cual lo negoció al Sr. Franco, y el otro pagaré otorgado por el referido Sr. Miranda á Agosto, fué recogido por el Sr. Miranda; que el pagaré suscrito sólo por el Sr. Miranda á favor del Sr. Agosto, y negociado por éste al Sr. Franco y Alonso, no pudo á su vencimiento recogerlo el Sr. Miranda Pérez, y como transacción fué otorgado el que es origen de esta demanda, en los términos en que está redactado dicho pagaré; y solicitando se declare sin lugar la demanda, con las costas al demandante.— "3º Que á instancias del demandante fué declarado en rebeldía Don José Miranda, reteniéndose sus bienes muebles de conformidad con el artículo 761 de la Ley de Enjuiciamiento Civil, y convocadas las partes á una comparecencia para proponer prueba, concurrieron los representantes de Don Ignacio Franco y de Doña Dionisia Freytes, quienes propusieron prueba de confesión en juicio documental y de testigos, la cual fué declarada pertinente.—"4º Que celebrado el juicio oral, se practicó la prueba propuesta, compareciendo los demandados Don José Miranda y Doña Dionisia Freytes, quienes reconocieron la legitimidad del pagaré de autos y confesaron la certeza de la deuda, declarando también en igual sentido los testigos Don Ramón Pantoja, Don Manuel Román, Don José A. Freytes, Don Juan Ramón Agosto, Don Francisco Cordero, Don Everado Reyes y Don Juan Santos Román, declarando estos cuatro últimos que la deuda consignada en el pagaré no procedía de préstamo en efectivo hecho por Don Ignacio Franco á los esposos Miranda, sino como consecuencia de haber comprado Franco un pagaré de ochocientos pesos á Don Juan Ramón Agosto, á quien los adeudaba Miranda por resto del pago del precio de una finca, que á éste había vendido el Agosto.—"5º Que como prueba documental y á instancias de la demandada, vinieron al pleito dos testimonios de escrituras públicas otorgadas en Manatí ante el Notario Don José I. Náter,

referentes á las negociaciones de compra-venta de las fincas de Don Juan Ramón Agosto á Miranda, y del primero á Villamil, de Manatí, todo para que se viniera en conocimiento de que la causa de deber estampada en el pagaré de los esposos Miranda con Franco, no era la de préstamo en efectivo, como falsamente se consignaba en dicho documento.—"6º Que practicada la prueba se votó por unanimidad la sentencia recurrida, por la cual se declaró con lugar la demanda y se condenó á los esposos Don José Miranda y Doña Dionisia Freytes á pagar mancomunada y solidariamente al demandante la cantidad de ochocientos pesos provinciales ó su equivalente en dollars con los intereses al dos por ciento mensual, desde la fecha de la obligación, y los intereses del seis por ciento anual de los vencidos desde que se presentó la demanda, con la mitad de costas á la Freytes y la otra mitad de oficio."—Segundo. Resultando: Que el Letrado Don Elpidio de los Santos, representante de la demandada en el Tribunal inferior, ha interpuesto contra dicha sentencia, á nombre de José Miranda Pérez, como representante de sus hijos, recurso de casación por infracción de ley, autorizado por el artículo 1,718 de la Ley de Enjuiciamiento Civil, y fundado en el 1,690, párrafos 1 y 7, de la misma ley, citando como infringidos los artículos 1.753, 1,261, 1276 y 1,258 del Código Civil, por las diferentes razones expuestas en su escrito de recurso, expresando el concepto en que se han infringido.—Tercero. Resultando: Que el Letrado Don Antonio Alvarez Nava, á nombre del recurrido, Don Ignacio Franco Alonso, impugnó este recurso por las razones expuestas en su argumento oral.—Visto: Siendo Ponente el Honorable James H. McLeary, Juez Asociado de este Tribunal.—1º Considerando: Que aunque la verdadera causa de deber no haya sido expresada en el pagaré, ya que ha sido probada y consta que es verdadera y legal el contrato que está basado sobre la misma, no es nulo sino válido según el artículo 1,276 del Código Civil.— 2º Considerando: Que el pagaré con motivo del cual se

ha entablado este pleito, contiene en sí mismo todos los elementos necesarios para un contrato válido, tales como se hallan consignados en el artículo 1,261 del Código Civil.— 3º Considerando: Que el Tribunal sentenciador no ha cometido error alguno en la apreciación de las pruebas aducidas por cuanto éstas han sido debidamente presentadas á este Tribunal en los autos de este pleito.—4º Considerando: Que bajo el artículo 1,258 del Código Civil, el pagaré en que se halla basado el presente pleito, constituye un contrato válido y obligatorio para los herederos de Doña Dionisia Freytes, y suficiente para sostener la sentencia dictada contra ella en el Tribunal inferior.—5º Considerando: Que el Tribunal de Distrito de Arecibo no ha incurrido en ninguno de los errores en que se halla fundado el presente recurso de casación por infracción de ley, y que la sentencia dictada en este pleito era correcta.—6º Considerando: Que por consiguiente no puede sostenerse el presente recurso por las razones en que está fundado.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto contra là sentencia dictada por el Tribunal de Distrito de Arecibo, el día veinte y tres de Octubre de mil novecientos uno, en el pleito de *Franco* contra *Miranda;* y condenamos al recurrente al pago de las costas; ordenando, al mismo tiempo, que se comunique esta resolución á dicho Tribunal de Distrito, para su cumplimiento.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Honorable James H. McLeary, Juez Asociado del Tribunal Supremo, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico.— Puerto Rico, á veinte y cinco de Junio de mil novecientos dos.—Antonio F. Castro, *Secretario.*